FILED

2016 AUG 29 PM 3: 44

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFERY SCHOTT,

    Plaintiff,

CASE NO.: 6:16-cv-1536-ORL-40GJK

-VS-

WELLS FARGO BANK, N.A. d/b/a WELLS
FARGO DEALER SERVICES,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Jeffery Schott, by and through the undersigned counsel, and sues Defendant, Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services (hereinafter "Wells Fargo"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Wells Fargo from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Orange County, FL. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant, Wells Fargo is a corporation with its principal place of business located at 420 Montgomery St., San Francisco, CA 94163 and which conducts business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays St, Tallahassee, FL 32301-2525.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14. Wells Fargo is a "creditor" as defined in Florida Statute §559.55(5).

15. Wells Fargo called Plaintiff on Plaintiff's cellular telephone approximately seven hundred (700) times since December 1, 2014, in an attempt to collect a debt.

16. Wells Fargo attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line and/or he received prerecorded messages from Wells Fargo.

18. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (760) ***-4759, and was the called party and recipient of Defendant's calls.

19. Beginning on or about December 1, 2014, Wells Fargo began bombarding Plaintiff's cellular telephone (760) ***-4759 in an attempt to collect on an automobile loan.

20. On or about December, 2014, and on many other occasions, Plaintiff would answer a call from Wells Fargo and inform the agent that he wished for the calls to stop.

21. On many occasions, upon informing Wells Fargo that he wished for them to stop calling him, Wells Fargo agents would tell Plaintiff that calls could not be stopped.

22. Plaintiff's numerous conversations with Wells Fargo over the phone wherein he requested a cessation of calls were in vain as Wells Fargo continued to bombard him with automated calls unabated.

23. On or about July, 2016, after finding out from a friend of his that Plaintiff was now calling his friends as well concerning Plaintiff's account, Plaintiff called Wells Fargo and reiterated to the agent again that on many occasions in the past he has informed Wells Fargo to stop calling him and that they needed to cease harassing him. Wells Fargo agent informed Plaintiff that he showed no notes in the system that Plaintiff had ever requested a cessation of calls before.

24. Despite yet again clearly and unequivocally revoking any consent Wells Fargo may have had to call him on his cell phone, Wells Fargo continues to place automated calls to Plaintiff's cell phone.

25. Plaintiff received many automated calls from Wells Fargo wherein an automated message was left on his phone, while Plaintiff was not able to preserve each and every message, below is a transcription of a prerecorded message left on Plaintiff's cellular telephone by Wells Fargo on or about December 10, 2015:

> This is Wells Fargo Dealer Services calling; please return our call during regular office hours at 888-289-5626. This is Wells Fargo Dealer Services calling; please return our call during regular offices hours at 888-289-5626. Thank you.

26. Due to the constant stream of automated calls from Wells Fargo he received to his cell phone, Plaintiff was not able to properly catalogue each and every call, however below is a small sampling of the deluge of calls Plaintiff received from Wells Fargo:

| DATE OF CALL | TIME OF CALL | CALLING NUMBER |
| --- | --- | --- |
| January 7, 2016 | 9:09 PM | 800-289-8004 |
| January 16, 2016 | 10:14 AM | 800-289-8004 |
| February 22, 2016 | 1:36 PM | 800-289-8004 |
| February 25, 2016 | 12:27 PM | 800-289-8004 |
| February 25, 2016 | 12:29 PM | 800-289-8004 |
| March 1, 2016 | 7:55 PM | 800-289-8004 |
| March 4, 2016 | 3:47 PM | 512-721-4904 |
| March 8, 2016 | 2:34 PM | 512-721-4904 |
| March 10, 2016 | 5:07 PM | 512-721-4904 |
| March 12, 2016 | 11:21 AM | 512-721-4904 |
| March 15, 2016 | 10:36 AM | 512-721-4904 |
| March 17, 2016 | 12:19 PM | 512-721-4904 |
| March 19, 2016 | 11:14 AM | 512-721-4904 |
| March 22, 2016 | 4:48 PM | 512-721-4904 |
| March 24, 2016 | 2:50 PM | 512-721-4904 |
| March 29, 2016 | 2:39 PM | 512-721-4904 |
| March 31, 2016 | 10:11 AM | 512-721-4904 |
| March 31, 2016 | 1:56 PM | 512-721-4904 |
| March 31, 2016 | 1:57 PM | 512-721-4904 |
| March 31, 2016 | 5:01 PM | 512-721-4904 |

| April 2, 2016 | 11:55 AM | 512-721-4904 |
| April 5, 2016 | 1:52 PM | 512-721-4904 |
| April 7, 2016 | 3:51 PM | 512-721-4904 |
| April 8, 2016 | 1:21 PM | 512-721-4904 |
| April 11, 2016 | 1:59 PM | 512-721-4904 |
| April 13, 2016 | 11:03 AM | 512-721-4904 |
| April 15, 2016 | 4:15 PM | 512-721-4904 |
| April 26, 2016 | 12:53 PM | 800-289-8004 |
| April 26, 2016 | 6:16 PM | 800-289-8004 |
| April 27, 2016 | 1:55 PM | 800-289-8004 |
| April 27, 2016 | 5:44 PM | 800-289-8004 |
| April 28, 2016 | 12:32 PM | 800-289-8004 |
| April 28, 2016 | 2:35 PM | 800-289-8004 |
| April 28, 2016 | 8:13 PM | 800-289-8004 |
| April 29, 2016 | 1:02 PM | 800-289-8004 |
| April 29, 2016 | 3:34 PM | 800-289-8004 |
| April 30, 2016 | 11:28 AM | 800-289-8004 |
| May 2, 2016 | 5:51 PM | 512-721-4904 |
| May 2, 2016 | 6:02 PM | 512-721-4904 |
| May 3, 2016 | 5:25 PM | 512-721-4904 |
| May 6, 2016 | 12:11 PM | 512-721-4904 |

| May 9, 2016 | 3:54 PM | 512-721-4904 |
| May 12, 2016 | 11:57 AM | 512-721-4904 |
| May 26, 2016 | 12:38 PM | 800-289-8004 |
| May 27, 2016 | 1:51 PM | 800-289-8004 |
| May 28, 2016 | 12:25 PM | 800-289-8004 |
| May 30, 2016 | 2:42 PM | 800-289-8004 |
| May 31, 2016 | 2:45 PM | 800-289-8004 |
| June 1, 2016 | 6:15 PM | 512-721-4904 |
| June 4, 2016 | 12:19 PM | 800-289-8004 |
| June 8, 2016 | 1:51 PM | 512-721-4904 |
| June 8, 2016 | 1:54 PM | 512-721-4904 |
| June 10, 2016 | 12:22 PM | 512-721-4904 |

27.     Wells Fargo has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     Wells Fargo has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Wells Fargo, to remove the number.

29.     Wells Fargo's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Wells Fargo they wish for the calls to stop.

30. Wells Fargo has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31. Wells Fargo has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32. Wells Fargo has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33. Wells Fargo's corporate policy provided no means for Plaintiff to have his number removed from Defendant's call list.

34. Wells Fargo has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35. Not a single call placed by Wells Fargo to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. Wells Fargo willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37. From each and every call placed without consent by Wells Fargo to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

38. From each and every call without express consent placed by Wells Fargo to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of his cellular

telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Wells Fargo's calls.

39. From each and every call placed without express consent by Wells Fargo to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by Wells Fargo to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by Wells Fargo to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42. Each and every call placed without express consent by Wells Fargo to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43. Each and every call placed without express consent by Wells Fargo to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

44. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and anxiety as Plaintiff would frequently receive the calls from Wells Fargo while he was driving on the road from work and had to constantly look at his phone to see who was calling.

## COUNT I
### (Violation of the TCPA)

45. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. Wells Fargo willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Wells Fargo that he wished for the calls to stop.

47. Wells Fargo repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Wells Fargo for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein

49. At all times relevant to this action Wells Fargo is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. Wells Fargo has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

51. Wells Fargo has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52. Wells Fargo's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Wells Fargo for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*[signature]*

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@ForThePeople.com
Florida Bar #: 0338620
Attorney for Plaintiff